IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

CARLOUS GRISSETT,

    Petitioner,

vs.

CIVIL ACTION NO.: CV212-133

ANTHONY HAYNES, Warden,

    Respondent.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Carlous Grissett ("Grissett"), an inmate currently incarcerated at the Federal Correctional Institution in Jesup, Georgia ("FCI Jesup"), filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Respondent filed a Response, and Grissett filed a Traverse. For the reasons which follow, Grissett's petition should be **DENIED**.

## STATEMENT OF THE CASE

Grissett is serving a 130-month sentence after he was convicted of possession with intent to distribute cocaine base, in violation of 21 U.S.C. § 846(a)(1) and (b)(1)(B). Grissett's projected release date, via good conduct time release, is September 9, 2016. (Doc. No. 7, pp. 1-2).

Grissett was charged with committing a sexual act with a female visitor, a Code 205 offense. After a hearing, Grissett received: thirty (30) days' disciplinary segregation, to be suspended pending 180 days of clear conduct; disallowance of 27

days' good conduct time; and the loss of visitation privileges for two (2) years. (Doc. No. 7, p. 4). Grissett asserts that he was not afforded due process protections because the Disciplinary Hearing Officer ("DHO") refused to review a videotape of the incident and refused to allow Grissett's visitor to attend the hearing as a witness on his behalf. Respondent asserts that Grissett was given all of the protections due to him during his disciplinary proceedings.

## DISCUSSION AND CITATION TO AUTHORITY

Grissett contends that he had a female visitor on May 29, 2011, and, about midway through the visit, Lieutenant Arnett alleged he was making rounds and saw Grissett sitting across from his visitor. Grissett contends that Lieutenant Arnett falsely accused him of having his hand underneath the visitor's dress and moving his hand in a back and forth motion. Grissett asserts that the DHO refused to review the videotape of this incident, which would have revealed he (Grissett) was innocent of the charged act. Grissett also asserts that the DHO did not allow Ms. Morton (Grissett's visitor) to be a witness at the hearing. Grissett seeks the expungement of the incident report and the vacatur of the sanctions imposed.

Respondent asserts that all of the Wolff v. McDonnell, 418 U.S. 539 (1974), factors were met during Grissett's disciplinary proceedings. Respondent avers that Grissett was given proper notice of the hearing on June 1, 2011, and he was advised of his rights for the June 9, 2011, hearing. Respondent also asserts that the DHO gave Grissett a written statement regarding the evidence relied upon and the reasons for the disciplinary actions. Finally, Respondent alleges that there is evidence in the record to support the DHO's findings.

2

Prisoners may not be deprived of statutory "good-time credits" without the minimum requirements of procedural due process. Wolff, 418 U.S. at 558. Constitutionally adequate process requires compliance with the minimum due process protections afforded to an inmate in prison disciplinary proceedings: (1) the right to receive written notice of the charges against him at least 24 hours before his hearing; (2) the right to call witnesses and present documentary evidence, where doing so would not be unduly hazardous to institutional safety or correctional goals; and (3) the right to receive a written statement setting forth the disciplinary committee's findings of fact. Id. at 563-66.

In addition, the Supreme Court has held that a finding of "some evidence" in the record to support the decision of a prison disciplinary board is necessary to satisfy the requirements of due process. Superintendent, Mass. Corr'l Inst. v. Hill, 472 U.S. 445, 455 (1985). The determination as to whether this standard is satisfied requires an inquiry into "whether there is *any* evidence in the record that could support the conclusion reached by the disciplinary board." Id. (emphasis added). "Ascertaining whether the some evidence standard is satisfied does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence. Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." Id. at 455-56 (punctuation omitted).

The evidence before the Court reveals that Lieutenant Arnett conducted rounds on the patio area of the visitation area on May 29, 2011. At that time, Lieutenant Arnett saw Grissett with his right hand under his visitor's dress and moving his hand in a back

3

on forth motion. Grissett was charged with engaging in a sexual act, a Code 205 violation. (Doc. No. 7-1, p. 10). This charged violation was referred to a DHO for final disposition. Grissett was notified of the charges against him on June 1, 2011, and he was notified of his rights to have a staff representative and to call witnesses at the hearing. Grissett indicated he did not wish to have a staff representative or any witnesses at his hearing, and Grissett signed this notice. (Id. at p. 16). On this same date, Grissett was informed of all of the rights afforded him during the disciplinary proceedings. (Id. at p. 18).

Grissett's disciplinary hearing was conducted on June 9, 2011, and he was notified of the charge against him on June 1, 2011, which was more than 24 hours prior to the hearing. Thus, the first Wolff factor was met. The second Wolff factor was met on June 1, 2011, when Grissett was made aware of his right to call witnesses and present documentary evidence, and indicated that he did not wish to call witnesses. Additionally, the third Wolff factor was met when Grissett received written notice of the DHO's decision on June 30, 2011. (Id. at p. 22). Finally, a review of the DHO's findings reveals that there is "some evidence" to support the finding that Grissett committed the Code 205 violation. In making his finding, DHO Scott Schleder relied on Lieutenant Arnett's statement and a copy of the Notification to Visitor form dated May 29, 2011, which revealed that Ms. Morton visited Grissett on the date of the incident.[1] (Id. at pp. 21-22). DHO Schleder also noted Grissett's statement to the investigator that he wanted to review the video evidence of this incident. Upon DHO Schleder's

---

[1] The undersigned recognizes courts are not to weigh evidence when determining whether an inmate's due process rights were violated during disciplinary proceedings. However, the undersigned notes that the Notification to Visitor form the DHO cited as support of his decision is merely evidence that Ms. Morton visited Grissett, not evidence, *per se*, that Grissett committed the prohibited act, as DHO Schleder opined.

4

investigation of the existence of a videotape (apparently, the investigator made no further inquiry), Lieutenant Arnett submitted a memorandum in which he stated there was no video evidence of the incident because it was not taped. (Id. at p. 13). Accordingly, Grissett received all of the due process protections afforded him during his disciplinary proceedings, and his contentions to the contrary are without merit.

The undersigned notes Grissett's reliance on Howard v. United States Bureau of Prisons, 487 F.3d 808 (10th Cir. 2007), as support for his assertion that the refusal to allow the production of a videotape deprives a prisoner of due process. However, Howard is distinguishable from the facts Grissett's petition presents to the Court. In Howard, the petitioner asserted that he requested that the DHO review videotape records from a camera, which the petitioner asserted would support his argument that he acted in self-defense in possessing drug paraphernalia. 487 F.3d at 813-14. The Tenth Circuit Court of Appeals noted that the respondent raised two (2) arguments in response to the district court's show cause order: that the petitioner failed to demonstrate that any videotape existed, and that the presentation of this videotape would be "needlessly cumulative." Id. at 814. The Tenth Circuit observed that the respondent "carefully refrained from denying that any videotape exists and that proof of this point is solely within its control." Id.

The undersigned notes that Grissett was informed during the administrative appeals process that review of the incident on videotape was not necessary because a staff member witnessed the incident. (Doc. No. 1-2, pp. 2, 4). However, the only evidence before this Court is that there was no videotape of this incident, and Lieutenant Arnett witnessed this incident. (Id. at p. 2; Doc. No. 7-1, pp. 13, 21). Unlike

5

AO 72A
Rev. 8/82)

the petitioner in <u>Howard</u>, staff at FCI Jesup could not produce evidence which does not exist.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Grissett's petition, filed pursuant to 28 U.S.C. § 2241, be **DENIED**.

**SO REPORTED** and **RECOMMENDED**, this 15th day of October, 2012.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)